UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANGELO J. SKALAFURIS,

Plaintiff,

- against -

CITY UNIVERSITY OF NEW YORK and NEW YORK CITY COLLEGE OF TECHNOLOGY,

Defendants.

**OPINION AND ORDER**

09 Civ. 5693 (SAS)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/22/10

SHIRA A. SCHEINDLIN, U.S.D.J.:

## I. INTRODUCTION

Angelo Skalafuris filed this action in federal court against the City University of New York ("CUNY") and the New York City College of Technology ("NYCCT") alleging that those entities discriminated against him on the basis of his age in violation of state and federal law. Defendants move for dismissal of the complaint on the grounds that Skalafuris's claims are barred by the Eleventh Amendment, that his state law claims are barred by the election of remedies doctrine, and that the complaint fails to state a plausible age-discrimination claim. Skalafuris cross-moves for summary judgment.

## II. BACKGROUND

This action arises from Skalafuris's allegation that he was not granted an interview for "the advertised position of Dean of Arts and Sciences [at NYCCT]," a subdivision of CUNY, because of his advanced age.[1] Skalafuris is seventy-six years old.[2] On January 4, 2008, Skalafuris filed a verified complaint with the New York State Division of Human Rights ("NYSDHR") alleging that this employment decision violated provisions of the New York State Human Rights Law ("NYSHRL").[3] The NYSDHR dismissed the complaint upon finding that there was "no probable cause to believe that [NYCCT] has engaged in or is engaging in the unlawfully discriminatory practice complained of."[4] On January 1, 2009, the United States Equal Employment Opportunity Commission ("EEOC") adopted the findings of the NYSDHR and issued a notice of right to sue under

---

[1] Evidentiary Addendum to Amended Complaint ("Evidentiary Addendum") at 2.

[2] *See id.* at 4.

[3] N.Y. Exec. Law § 290 *et seq.* *See* Verified Complaint Filed with NYSDHR ("NYSDHR Compl."), Ex. A to Declaration of Antoinette W. Blanchette ("Blanchette Decl."), Assistant Attorney General for the State of New York; Amended Complaint ("Compl.") at 1-2.

[4] NYSDHR Determination and Order After Investigation ("NYSDHR Order"), Ex. B to Blanchette Decl., at 1. *Accord* Evidentiary Addendum at 1-2.

federal law.[5]

On March 16, 2009, Skalafuris filed a timely complaint alleging age-related discrimination in violation of the Age Discrimination in Employment Act of 1968 ("ADEA")[6] with the Southern District of New York's *Pro Se* Office.[7] Shortly thereafter, Chief Judge Loretta Preska granted Skalafuris's request to proceed *in forma pauperis* but instructed him to submit an amended complaint.[8] Specifically, Judge Preska advised Skalafuris that his claim against the NYSDHR was barred by the Eleventh Amendment to the United States Constitution and that his employment discrimination claim against the City University of New York should be repled in a manner consistent with Rule 8 of the Federal Rules of Civil Procedure.[9]

Skalafuris amended his complaint on August 19, 2009 and the case was subsequently assigned to this Court.[10] The Amended Complaint reiterates

---

5 *See* EEOC Dismissal and Notice of Rights, Ex. 2 to Evidentiary Addendum.

6 29 U.S.C. § 621 *et seq.*

7 *See* 6/22/09 Order at 1 n.1.

8 *See id.* at 1.

9 *See id.* at 1-4.

10 *See* Compl.

Skalafuris's allegation that NYCCT and CUNY discriminated against him on the basis of his age by failing to interview him for the position of Dean of Arts and Sciences.[11] Although the complaint only expressly states that the action is brought pursuant to the NYSHRL,[12] construed liberally, the evidentiary addendum attached to the Amended Complaint makes clear that Skalafuris also alleges that NYCCT's failure to hire him on account of his age also violates provisions of the ADEA.[13]

## III. APPLICABLE LAW

The Supreme Court's recent landmark decisions in *Bell Atlantic Corporation v. Twombly*[14] and *Ashcroft v. Iqbal*[15] arguably shifted pleading standards from "simple notice pleading" to a "more heightened form of pleading,"[16] requiring that allegations in a complaint meet a standard of "plausibility" to survive a motion to dismiss.[17] A claim satisfies the plausibility standard "when the plaintiff pleads factual content that allows the court to draw the

---

11 *See id.* at 2-3.

12 *See id.* at 1.

13 *See* Evidentiary Addendum at 3-4 (reciting elements of ADEA claim and alleging facts in support of those elements).

14 550 U.S. 544 (2007).

15 — U.S. —, 129 S. Ct. 1937, 1955 (2009).

16 *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

17 *Twombly*, 550 U.S. at 564.

reasonable inference that the defendant is liable for the misconduct alleged."[18] While plausibility "is not akin to a probability requirement," plausibility requires "more than a sheer possibility that a defendant has acted unlawfully."[19] Pleading facts that are "merely consistent with a defendant's liability"[20] fails to "nudge[ ] [the plaintiff's] claims across the line from the conceivable to plausible."[21] In reviewing a motion to dismiss, the court must "accept as true all of the factual allegations contained in the complaint"[22] and "draw all reasonable inferences in the plaintiff's favor."[23] However, the court need not accord "[l]egal conclusions, deductions or opinions couched as factual allegations . . . a presumption of truthfulness."[24]

With respect to employment discrimination cases, in *Swierkiewicz v.*

---

18 *Iqbal*, 129 S. Ct. at 1949 (quotation omitted).

19 *Id.* (quotation marks omitted).

20 *Id.* (quotation marks omitted).

21 *Twombly*, 550 U.S. at 570.

22 *Id.* at 572. *Accord Rescuecom Corp. v. Google Inc.*, 562 F.3d 123, 127 (2d Cir. 2009).

23 *Ofori-Tenkorang v. American Int'l Group, Inc.*, 460 F.3d 296, 298 (2d Cir. 2006).

24 *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007) (quotation omitted).

*Sorema N.A.*,[25] which preceded *Twombly* and *Iqbal*, the Supreme Court rejected a heightened factual pleading requirement. Specifically, the Court held that an employment discrimination complaint need not allege specific facts establishing a prima facie case of discrimination.[26] Rather, "the ordinary [pre-*Twombly*] rules for assessing the sufficiency of a complaint apply."[27]

The *Twombly* court held that *Swierkiewicz* remains good law.[28] However, some courts and commentators have concluded that *Twombly* and *Iqbal* repudiated *Swierkiewicz*, at least to the extent that *Swierkiewicz* relied upon pre-*Twombly* pleading standards.[29] Reconciling *Swierkiewicz*, *Twombly*, and *Iqbal*, a complaint need not establish a prima facie case of employment discrimination to survive a motion to dismiss; however, "the claim must be facially plausible and

---

25 534 U.S. 506 (2002).

26 *See id.* at 514.

27 *Id.* at 511.

28 *See Twombly*, 550 U.S. at 569-70 ("Plaintiffs say that our analysis runs counter to *Swierkiewicz* .... [H]owever, *Swierkiewicz* . . . simply re-emphasized . . . that . . . a heightened pleading standard for Title VII cases was contrary to the Federal Rule[s] . . . . Here, in contrast, we do not require heightened fact pleadings of specifics . . . .") (quotation marks and citations omitted).

29 *See, e.g.*, *Fowler*, 578 F.3d at 211 ("We have to conclude, therefore, that because *Conley* has been specifically repudiated by both *Twombly* and *Iqbal*, so too has *Swierkiwicz*, at least insofar as it concerns pleading requirements and relies on *Conley*.").

must give fair notice to the defendants of the basis for the claim."[30]

## IV. APPLICABLE LAW

### A. Election of Remedies

The NYSHRL – a New York statue which provides a cause of action for unlawful discriminatory practices –[31] contains an election of remedies limitation. The limitation bars a person who has "filed a complaint hereunder [with the NYSDHR] or with any local commission on human rights" from filing a lawsuit for the same cause of action.[32] Because the election of remedies limitation divests a federal court of jurisdiction to decide this state law claim,[33] a motion to dismiss on this ground is properly brought pursuant to Federal Rule of Civil Procedure 12(b)(1).

However, there are two exceptions to this limitation. *First*, "where the complaint filed with a local human rights commission is dismissed for

---

30 *Fowler v. Scores Holding Co.*, — F. Supp. 2d —, No. 08 Civ. 7796, 2009 WL 5178475, at *2 (S.D.N.Y. Dec. 28, 2009).

31 *See* N.Y. Exec. Law § 297(9).

32 *Id. Accord York v. Association of the Bar of City of N.Y.*, 286 F.3d 122, 126-127 (2d Cir. 2002).

33 *See Wiley v. Citibank, N.A.*, No. 98 Civ. 1139, 2000 WL 122148, at *3 (S.D.N.Y. Feb. 1, 2001) ("Because plaintiff elected to pursue her Executive Law and Administrative Code claims before the NYS[DHR] and the subsequent dismissal of her action was not a dismissal for administrative convenience, this court is *without jurisdiction* to hear such claims." (emphasis added)).

administrative convenience, a person is not barred from filing a plenary lawsuit."[34] *Second*, in a case where the complaint is filed directly with the EEOC, and then only filed with the NYSDHR by the EEOC pursuant to Title VII requirements, the limitation does not apply.[35]

**B. Sovereign Immunity**

While the Supreme Court often refers to Eleventh Amendment sovereign immunity as a jurisdictional bar, it has expressly reserved the question of whether sovereign immunity is an issue of subject matter jurisdiction.[36] Nevertheless, the Second Circuit has permitted motions to dismiss on sovereign immunity grounds pursuant to Federal Rule of Civil Procedure 12(b)(1) –[37] which permits a party to make a motion to dismiss on subject-matter jurisdiction grounds prior to filing its answer.

The Eleventh Amendment of the United States Constitution provides: "The Judicial Power of the United States shall not be construed to extend to any

---

34 *York v. Association of the Bar of the City of N.Y.*, No. 00 Civ. 5961, 2001 WL 776944, at *5 (S.D.N.Y. July 11, 2001) (citing N.Y. Exec. Law § 297(9)) (citations omitted), *aff'd*, 286 F.3d 122 (2002).

35 *See id.* (citing N.Y. Exec. Law § 297(9)) (citations omitted).

36 *See Woods v. Rondout Valley Central Dist. Bd. of Educ.*, 466 F.3d 232, 237-38 (2d Cir. 2005) (citations omitted).

37 *See, e.g.*, *State Employees Bargaining Agent Coal. v. Rowland*, 494 F.3d 71 (2d Cir. 2007).

suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subject of any Foreign state." "Although the Amendment, by its terms, bars only federal suits against state governments by citizens of another state or foreign country, it has been interpreted also to bar federal suits against state governments by a state's own citizens, as well as state court actions against state governments."[38] "Stated as simply as possible, the Eleventh Amendment means that, as a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogate[d] the states' Eleventh Amendment immunity when acting pursuant to its authority under Section 5 of the Fourteenth Amendment."[39] In addition, while the Eleventh Amendment does not apply to municipal corporations, it does extend "to 'state agents and state instrumentalities' that are, effectively, arms of a state."[40]

### C. Amendments to Pleadings

"Rule 15(a) provides that, other than amendments as a matter of

---

38 *Woods,* 466 F.3d at 236 (citing *Hans v. Louisiana*, 134 U.S. 1, 15 (1890) and *Alden v. Maine*, 527 U.S. 706, 712 (1999)).

39 *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (quotation marks and citations omitted).

40 *Woods*, 466 F.3d at 237 (quoting *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997)) (citation omitted).

course, a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."[41] "[W]hether to permit a plaintiff to amend its pleadings is a matter committed to the Court's sound discretion."[42] However, the Supreme Court has explained that

> [i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. — the leave sought should, as the rules require, be "freely given."[43]

Accordingly, "'[i]t is the usual practice upon granting a motion to dismiss to allow leave to replead.'"[44]

---

[41] *Slayton v. American Express Co.*, 460 F.3d 215, 226 n.10 (2d Cir. 2006) (quotation marks omitted).

[42] *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (quotation marks omitted).

[43] *Foman v. Davis*, 371 U.S. 178, 182 (1962). *Accord, e.g.*, *Jin v. Metropolitan Life Ins. Co.*, 310 F.3d 84, 101 (2d Cir. 2002).

[44] *Vacold LLC v. Cerami*, No. 00 Civ. 4024, 2002 WL 193157, at *6 (S.D.N.Y. Feb. 6, 2002) (quoting *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991)). *Accord Hayden v. County of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999) ("When a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint.").

## V. DISCUSSION

### A. State Law Claim: NYSHRL

Skalafuris's NYSHRL claim has already been heard and decided by the NYSDHR. Accordingly, because neither exception to the election of remedies bar applies,[45] Skalafuris's NYSHRL claim is dismissed.[46]

### B. Federal Law Claim: AEDA

Skalafuris's AEDA claim is barred by the Eleventh Amendment – which provides sovereign immunity to all arms of the state so long as that immunity has not been abrogated by a congressional statute validly enacted pursuant to Section 5 of the Fourteenth Amendment or been waived by the state.

#### a. Arm of the State

The Second Circuit has expressly held that "CUNY senior colleges"

---

45 As to the administrative convenience exception, Skalafuris's claim was denied because there was no probable cause for the alleged discrimination, and not for reasons of administrative convenience. *See* NYSHRD Order at 1. As to the EEOC filing exception, Skalafuris initially filed his complaint directly with the NYSDHR and not with the EEOC. *See* NYSDHR Compl.

46 Notably, the New York City Human Rights Law – a city law that provides a cause of action for unlawful discriminatory practices – contains a substantively identical election of remedies provision that also prohibits a person who has filed a complaint with "the state division of human rights" from bringing a lawsuit in state or federal court "with respect to [the] alleged unlawful practice." N.Y.C. Admin. Code § 8-502(a). Thus, Skalafuris could not replead his complaint to allege a violation pursuant to this statute.

are arms of the state for purposes of Eleventh Amendment sovereign immunity.[47] Because NYCCT is, as defined by statute, a CUNY senior college,[48] it is treated as an arm of the state and protected by the Eleventh Amendment.

**b. Congressional Authorization**

As stated, Congress can abrogate state sovereign immunity by validly authorizing suits pursuant to Section 5 of the Fourteenth Amendment.[49] Although Congress expressly authorized suits against state governments under the ADEA, the Supreme Court has held that this was not a valid exercise of its Section 5 power.[50] Accordingly, "while an aggrieved party can pursue avenues other than the ADEA when faced with age discrimination, it clearly cannot mount an ADEA claim against a state without its consent in federal court."[51]

---

47 *Clissuras v. City University of New York*, 359 F.3d 79, 82 (2d Cir. 2004).

48 *See* N.Y. Educ. Law § 6202(5) ("The term "senior college" shall mean an institution of higher education in the city of New York, which is governed and administered by the board of trustees, including, but not limited to, a professional or graduate institution, an institution for research, an administrative institution, and, except as otherwise provided, Medgar Evers college, *New York city college of technology* (formerly known as "New York city technical college" and "New York city community college"), and the college of Staten Island, but not including a community college." (emphasis added)).

49 *See Gollomp*, 568 F.3d at 366.

50 *See Kimel v. Florida Bd. of Regents*, 528 U.S. 62 (2000).

51 *McGinty v. New York*, 251 F.3d 84, 91 (2d Cir. 2001).

**c. Waiver**

The Eleventh Amendment bar can also be overcome if the state waives its immunity. Skalafuris argues that CUNY and NYCCT have waived their immunity to suit by accepting federal funds.[52] "Although Congress may, pursuant to its spending power, extract a constructive waiver of Eleventh Amendment immunity by placing conditions on the grant of funds to states, waiver based on participation in a federal program will be found only if stated in express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction."[53] In this case, Skalafuris has not pointed to any statutory language whereby New York expressly subjected these defendants to suit under the ADEA or NYSHL by accepting federal funds, and I have not independently found any such express language.[54] Accordingly, neither entity is

---

52 *See* Plaintiff's Cross Motion Counter to Defendant's [sic] Motion for Summary Judgment with Plaintiff's Motion for Default Judgment ("Pl. Mem.") at 1-2, 4.

53 *McGinty*, 251 F.3d at 95 (citation omitted).

54 *Id.* ("That is to say, mere participation by a state in a federal program providing financial assistance does not establish the state's consent to be sued in federal court. Because plaintiffs failed to identify under what statutes defendants receive federal funding, or what Congress provided for in those statutes with respect to sovereign immunity, we have no way of ascertaining what Congress intended or whether the abrogation of immunity was expressed in unmistakably clear language." (quotation marks and citations omitted)). Skalafuris points to section 504 of the Rehabilitation Act of 1973, *see* 29 U.S.C. § 794(a), as a potential

subject to suit under the ADEA.

## V. CONCLUSION

For the reasons stated above, Skalafuris's NYSHRL and ADEA claims are dismissed. Ordinarily, I would permit Skalafuris, as a *pro se* plaintiff, to amend his complaint. However, because these claims are barred respectively by the election of remedies doctrine and the sovereign immunity doctrine, granting leave to amend would be futile. Accordingly, those claims are dismissed with prejudice.

In addition, because I have already dismissed Skalafuris's state and federal claims, I need not address his motion for summary judgment, which is hereby denied. The Clerk of Court is directed to close these motions (Docket Nos. 15 and 18) and this case.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated: New York, New York
March 22, 2010

---

source of waiver. *See* Pl. Mem. at 1-2. However, Skalafuris has not brought a Rehabilitation Act claim and has not provided allegations sufficient to support such an allegation.

**- Appearances -**

**Plaintiff (Pro Se)**

Angelo J. Skalafuris
115 Forster Avenue
Mount Vernon, NY 10552
(914) 239-3500

**For Defendants:**

Antoinette W. Blanchette
Assistant Attorney General for New York State
120 Broadway
New York, NY 10271
(212) 416-6185